UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOU CHIEM SAEPHARN, | ) | 1:09-cv-00981-JLT HC |
|     Petitioner, | )<br>)<br>) | ORDER GRANTING PETITIONER'S MOTION TO DISMISS WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 15) |
| v. | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | )<br>) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
|     Respondent. | )<br>) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

Petitioner is a federal prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On June 11, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

**BACKGROUND**

On June 4, 2009, Petitioner filed the instant petition, challenging the Bureau of Prisons' ("BOP") policies regarding placement of prisoners in Residential Re-entry Centers ("RRC") and requesting that this Court order BOP to immediately consider Petitioner's suitability for transfer to an RRC. (Doc. 1, pp. 1-4). On September 18, 2009, the Court ordered Respondent to file an answer. (Doc. 8). On December 15, 2009, Respondent file the answer to the petition. (Doc. 13). On December 30, 2009, Petitioner, by letter, requested that the instant petition be dismissed without prejudice, explaining that he had been "ill-advised by what I deem to be a 'jail-house' attorney of the

merits of my case, which was greatly misrepresented." (Id.). Petitioner goes on to explain that he "was not aware of the policy changes that the BOP had implemented nor have I ever seen any notices to that effect, but I wish to follow the necessary steps before continuing on with a motion before the court." (Id.). Petitioner requests dismissal of the petition without prejudice. (Id.). To date, Respondent has not filed a response to said motion.

## DISCUSSION

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 20010); see also Stevedoring Svcs. Of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." See Smith, 263 F.3d at 976.

Here, Respondent had filed an answer before Petitioner filed his request for dismissal. No stipulation for dismissal has been filed in this case. See Fed. R. Civ. P. 41(a)(1). Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion unless Respondent will suffer legal prejudice thereby. Smith, 263 F.3d at 975. Without question, Respondent has already expended time and resources in this case by filing an answer to the instant petition. Nevertheless, since Petitioner filed his request for dismissal, Respondent has not filed an opposition nor has Respondent suggested in any way that Respondent would be legally prejudiced should the Court dismiss the case. Indeed, Respondent's own answer argues that the Court lacks

habeas jurisdiction under 28 U.S.C. § 2241 because Petitioner is not challenging the fact or duration of his confinement but rather he seeks only a transfer to an RRC. (Doc. 13, p. 13). Moreover, nothing in the record now before the Court suggests that the dismissal is being sought for improper motives or to gain a tactical advantage. Rather, it appears to the Court that, upon review of the arguments in Respondent's answer, Petitioner has concluded that his claims lack merit and that he has simply decided to abandon his petition in order to pursue administrative avenues available to him within the federal prison system.

Under these circumstances, the Court concludes that Respondent would not be legally prejudiced by the dismissal of this action. Accordingly, granting Petitioner's motion to dismiss is appropriate under the circumstances of this case.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's Motion to Dismiss without prejudice his petition for writ of habeas corpus (Doc. 15), is GRANTED;
2. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED without prejudice; and,
3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **January 6, 2010**                                  /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE